**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:20-cv-22899-BB

UTOPIA KIDS, INC. d/b/a DENNY'S
CHILDREN'S WEAR

    Plaintiff,

    vs.

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON
    and
NATIONAL FIRE & MARINE
INSURANCE COMPANY
    and
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S AMENDED
COMPLAINT**

Defendants, Certain Underwriters At Lloyd's, London, National Fire & Marine Insurance Company And Crum & Forster Specialty Insurance Company (hereinafter "Defendants") file this their Motion to Dismiss the Amended Complaint filed by Plaintiff, Utopia Kids, Inc. d/b/a Denny's Children's Wear and assert the following in support of that motion:

### I.  THE PLAINTIFF HAS FAILED TO PLEAD THE FACTS NECESSARY TO ESTABLISH DIVERSITY JURISDICTION

1.  The Plaintiff asserts that this court has subject matter jurisdiction over its action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and the Defendants.

2.     Plaintiff asserts that "[A]t all relevant times, Plaintiff is a corporation authorized to do business and doing business in the State of Florida, Counties of Palm Beach and Broward.  Plaintiff is a corporate citizen of the State of Florida with a principal place of business located at 19595B State Road 7, Boca Raton, Florida 33498. Denny's owns, controls and operates its business in Florida at the following location: a. 19595 FL-7 RT 441, Boca Raton, Florida 33498

3.     Plaintiff has asserted that "Defendant Certain Underwriters at Lloyd's, London ("Lloyd's") is composed of separate syndicates, in turn comprised of entities known as "Names," which underwrite insurance in a market known as Lloyd's of London.  Each "Name" and syndicate is organized under the laws of the United Kingdom and is located in and has its principal place of business in England.  At all relevant times, Lloyd's subscribed to Policy Number 09-7590145598-S-00 issued to the Plaintiff for the period of September 16, 2019 to September 16, 2020.  (See Policy attached as Doc 1 Exhibit "A").  Defendant is transacting in the business of insurance in the State of Florida and within the Counties of Palm Beach and Broward and the basis of this suit arises out of such conduct."  Plaintiff's assertions are factually incorrect.

4.     Defendant Certain Underwriters at Lloyd's, London ("Lloyd's") is composed of separate syndicates, which in turn are comprised of members who can be companies, partnerships or individuals. The two syndicates have large numbers of members that subscribe to the policy at issue.  In the case of one syndicate at issue in this case, a number of the members are actually Members' Agent Pooling Arrangements (MAPAs).  The MAPAs potentially have hundreds of underlying members

including very small participations (less than 0.1%). All, or nearly all of, the members of the MAPAs participate via UK domiciled limited liability vehicles.

5. The Ultimate owners of the MAPA limited liability vehicles may be companies, partnerships or individuals. These members may reside in the USA, including Florida. Plaintiff has failed to identify the members at issue or pled that the amount at issue against each member meets or exceeds the jurisdictional amount.

6. Plaintiff has asserted that the matter in controversy exceeds **in the aggregate** the sum of $75,000, exclusive of interest and costs. However, the claims of a single plaintiff against multiple defendants can be aggregated for jurisdictional purposes only if the defendants are jointly liable to the plaintiff on each claim. See, e.g., *Tolbert v. Cook*, CA 8:13-03312-GRA, 2014 WL 1652434, at *2 (D.S.C. Apr. 23, 2014). "This rule is applicable to suits against two or more insurance companies, each of which has separately insured against a stated risk for a sum less than the jurisdictional amount." Id. (citing *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir.1961)).

7. Where the liability alleged is separate, rather than joint, aggregation is not permitted even if the claims arise out of the same transaction. Id. (citing *Ex Parte Phoenix Ins. Co.*, 117 U.S. 367, 369, 6 S.Ct. 772, 29 L.Ed. 923 (1886) and *Jewell*, 290 F.2d at 13 (holding that "no joint liability of the defendant insurance companies" existed to "permit[ ] the claims against them to be joined for determining jurisdiction")); see also *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061, at *2 (4th Cir. Sept. 15, 1997) ("[i]f a single plaintiff joins several parties as defendants, the plaintiff may not aggregate the various claims unless the defendants' liability is common, undivided, or joint").

Moreover, "[a]ggregation is keyed to the type of recovery, not the factual relatedness of the claims." *Hayes*, 122 F.3d 1061, at *2 (finding that the plaintiff could not aggregate claims against multiple insurers where he had not stated a joint and several claim against them); see also *James W. Moore et al.*, Moore's Federal Practice ¶ 0.97[2] (2d ed. 1995) ("Basically, aggregation is allowed when the defendants' liability to the plaintiff is common, undivided, or joint. It is not allowed when the defendants' liability is several, or if the claims against them are separate and distinct from one another.").

8. The Plaintiff attaches the Policy as Exhibit "A" to their complaint (see Doc 1).

9. The Subscription Policy Notice (Policy form ICAT 51 SUBNOT (12 14)) in Plaintiff's Exhibit "A" to Doc 1 provides that:

> The Insurer Participation Schedule (Form ICAT® 50 SCH) attached to and part of this policy identifies the Insurer(s) providing coverage under this policy. No Insurer(s) other than those listed on the Insurer Participation Schedule are providing coverage under this policy.
>
> Where the Insurer Participation Schedule attached to and part of this policy indicates an Insurer under this policy as "Lloyd's" followed by a number, this designation means that the Insurer is a certain Syndicate at Lloyd's, London. Each Syndicate should be identified as "Underwriters at Lloyd's, London, [Syndicate Name/Number]. (Exhibit "A" to Doc 1)

10. The Insurer Participation Schedule (Form ICAT® 50 SCH (02 14)) in Plaintiff's Exhibit "A" identifies the insurers who subscribed to the policy and who provide coverage under the Policy. The form provides:

**INSURER PARTICIPATION SCHEDULE**
**PRO RATA SHARES APPLICABLE TO THIS POLICY**

Coverage under this Policy is provided by the subscribing insurers listed below:

| PERIL | INSURER(S) | CONTRACT | PERCENT |
| --- | --- | --- | --- |

|    |                                          | NUMBER             | PARTICIPATION |
|----|------------------------------------------|--------------------|---------------|
| AP | Lloyd's 4242                             | B607400002V17NW    | 35 %          |
| EB | Lloyd's 4242                             | B607400002V17NW    | 100 %         |
| AP | National Fire & Marine Insurance Company | 42-IPA-167741-01   | 25 %          |
| AP | Lloyd's 1458                             | B1776XB201112L     | 20 %          |
| AP | Crum and Forster Specialty Insurance Company | ICT 614041     | 20 %          |

Definitions

Perils
AP: All perils covered under the policy not otherwise specifically defined in this Insurer Participation Schedule.
EB: Equipment Breakdown as per ICAT SCOL 150.

(See Policy attached as Doc 1 Exhibit "A")

11. Two Lloyd's syndicates are named as Defendants. As noted above, the jurisdictional amount must be met as to each constituent Name or member. As explained by the Eleventh Circuit, the Society of Lloyd's, London, is not an insurance company, but a British organization that provides infrastructure for the international insurance market. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). Lloyd's itself does not insure any risk. Id. Rather, it is individual underwriters, referenced as "Names," who assume the risk. Id. Names can be either people or corporations, who sign up for certain percentages of risks across different policies. Id. Names underwrite insurance through syndicates, which are unincorporated administrative entities that bear no risk on the policies they underwrite. Id. Syndicates "operate as an aggregation of individual members with individual contracts and obligations running to the insured." Id. at 1089. The constituent Names

of a syndicate are severally liable to the policy holder for their respective share of the risk. Id. at 1083, 1089.

12. Thus, because one Name is not liable for the risks that the other Names assume, each individual Name must meet the amount in controversy for purposes of the jurisdictional amount. See, e.g., *Lloyd's v. Gailes*, 4:16-CV-77-DMB-JMV, 2016 WL 3033741, at *4 (N.D. Miss. May 26, 2016) (finding that the plaintiff could not aggregate its claims against individual Names, and that "it must plead that the $75,000 jurisdictional amount is met for each Name") (emphasis in original); *Rips, LLC v. Underwriters at Lloyd's London*, No. CIV.A. 14-1969, 2015 WL 2452339, at *2 (E.D. La. May 21, 2015) (the jurisdictional minimum must be met as to each individual Name); *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, Civ. A. No. 07–4883, 2008 WL 215842, *2 (E.D.La. Jan. 23, 2008) (granting dismissal because plaintiff failed to assert facts to establish that the jurisdictional amount was met as to each Name sued under the policy and because at least one Name was non-diverse); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2nd Cir. 1998) (holding that because the Names were severally liable under the insurance policy in question, their liability could not be aggregated to meet the jurisdictional minimum).

13. Here, the Amended Complaint does not allege that the amount in controversy is met as to each constituent Name or Member of each Lloyd's syndicate named as Defendant. See supra *Lloyd's*, 2016 WL 3033741, *Rips, LLC*, 2015 WL 2452339, *G & M Holding, Inc.*, 2008 WL 215842. Thus, facially, the Amended Complaint fails to properly identify each member of the Lloyds syndicates, plead the citizenship of each member of the Lloyds syndicates or plead that the jurisdictional

amount is met as to each member. The Amended Complaint thus fails to assert the facts necessary to establish jurisdiction and should therefore be dismissed.

## II. PLAINTIFF'S ACTION FOR DECLARATORY REPLIEF FAILS TO STATE A CAUSE OF ACTION UNDER 28 U.S.C. § 2201(a)

14. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

15. In Count I of the Amended Complaint, Plaintiff purports to seek declaratory relief – a ruling by the Court that the insurance policy provides coverage for the alleged losses. However, the Amended Complaint also asserts a breach of contract count for each type of alleged loss. The respective breach of contract and declaratory relief counts are premised on the same factual disputes and seek a determination of coverage available for Plaintiff's claimed losses. In such a circumstance, "Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim," and its claims for declaratory judgment should be dismissed. *Fernando Grinberg Trust Success Int. Properties, LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010). As explained in *Fernando Grinberg Trust Success Int. Properties*:

> A court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. Florida Statute Section 86.021 provides for the declaration of rights or status where a party to an agreement is in doubt as to his or her rights. City of Hollywood v. Fla. Power & Light, Co., 624 So.2d 285 (Fla. Dist. Ct. App. 1993). The only relevant inquiry in a motion to dismiss a declaratory judgment action is whether or not the plaintiff is entitled to a

declaration of rights. *Toban v. Am. Sec. Ins. Co.*, No. 06-61912-Civ, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007); *see also Gov't Emp. Ins. v. Anta*, 379 So.2d 1038, 1039 (Fla. Dist. Ct. App. 1980). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *McIntosh v. Harbour Club Villas*, 468 So.2d 1075, 1080-81 (Fla. Dist. Ct. App. 1985) (Nesbitt, J. specially concurring); *see also Taylor v. Cooper*, 60 So.2d 534, 535-36 (Fla. 1952). Id.

16. "The Declaratory Judgment Act permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty.'" *Eisenberg v. Standard Ins. Co.*, No. 09-80199-CIV, 2009 WL 3667086, at *2 (S.D. Fla. Oct. 26, 2009) (quoting *10B C. Wright & A. Miller, Federal Practice & Procedure*, Civil 3d § 2751 (2004)). Asking the Court to declare whether the Defendant properly performed under the policy, however, is not a proper use of the declaratory judgment act. Where, as here, a plaintiff believes that the insurance policy does, in fact, provide coverage, the plaintiff is actually seeking a judicial declaration that the defendant has breached the policy. As explained in *Eisenberg*:

> A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract. It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the [plaintiff's] request for declaratory judgment moot or redundant.
>
> Id. at *2-3 (quoting *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, 2007 WL 2811080 (E.D. Mo. 2007)).

17. Put simply, there is no need for such a judicial declaration because Plaintiff has not identified confusion, ambiguity or the need for judicial interpretation of the policy itself. The proper cause of action for such a dispute lies in contract. The Count for Declaratory Relief is unnecessary and duplicative of the Breach of Contract

Counts. It has been held that "[a] court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012) (citations omitted).

18. Plaintiff did not assert that the language of the contract is uncertain or ambiguous. Instead, Plaintiff asserts that they had no choice but to comply with the Civil Authority Orders entered to stem the spread of the Corona virus. Plaintiff asks the Court to find that, in light of their compliance, it would simply be against public policy to find that Plaintiff resulting business losses, business interruption and extended expenses would not be covered by the contract.

19. Plaintiff does not allege any ambiguity in the policy itself. Instead, they are seeking a determination of coverage, which is duplicative of its Breach of Contract Counts that are premised on the allegations that Defendant breached the policy by not extending coverage for the Plaintiff's claims. Consequently, even if all of Plaintiff's allegations are taken as true, the allegations of contractual non-payment do not trigger the need for declaratory relief. See *Barrett v. Pickard*, 85 So. 2d 630, 631-632 (Fla. 1956) (holding that provisions of the instrument clear and free of ambiguities leaving only an issue of damages are not properly ascertainable under Declaratory Relief Statute); *Reddick v. Christie*, 226 So. 2d 434, 436-437 (Fla. 4th DCA 1969).

**III. PLAINTIFF'S AMENDED COMPLAINT FOR BREACH OF CONTRACT AND FOR DECLARATORY REPLIEF FAILS TO JOIN AN INDISPENSIBLE PARTY**

The policy at issue lists two named insureds, the Plaintiff and A&D World, LLC. The Amended Complaint deletes Plaintiff's co-insured, A&D World, LLC as a Plaintiff which had been named as a Plaintiff in the original Complaint.  In doing so Plaintiff purports to pursue the full amount of the policy without regard to the joint and indivisible interest of its co-insured, A&D World, LLC in the insurance proceeds.  The Defendants respectfully assert that the omission of Plaintiff's co-insured, A&D World, LLC, leaves them subject to a substantial risk of incurring double or otherwise inconsistent obligations.  As a consequence, the Federal Rules dictate that the Court order that A&D World, LLC be made a party.  Federal Rule of Civil Procedure 19(a) states in relevant part:

(a) Persons to be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

(A) in that person's absence, the court cannot afford complete relief amongst existing parties, or

(B) that person claims an interest relating to the subject of the action and is so situated that the disposition of the action in in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect the interest or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

The Amended Complaint deletes Plaintiff's co-insured, A&D World, LLC as a Plaintiff. In doing so, Plaintiff subjects Defendants to a substantial risk of incurring double or otherwise inconsistent obligations. As a consequence, the Defendants respectfully request that the Court order that A&D World, LLC be made a party.

WHEREFORE, the Defendants, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, NATIONAL FIRE & MARINE INSURANCE COMPANY and CRUM & FORSTER SPECIALTY INSURANCE COMPANY, respectfully prays for judgment in its favor, costs of this action and such other relief as the Court deems appropriate under the circumstances.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ John V. Garaffa
WILLIAM R. LEWIS, ESQ.
Florida Bar No.: 0879827
wlewis@butler.legal
JOHN V. GARAFFA, ESQ.
Florida Bar No.: 86022
jgaraffa@butler.legal
Secondary: bbroderick@butler.legal
afreeman@butler.legel
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant, Certain Underwriters at Lloyd's London, National Fire & Marine Insurance Company and Crum & Forster Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Aaron S. Podhurst
Steven C. Marks
**Podhurst Orseck**
1 SE 3rd Avenue, Suite 2300
Miami, FL 33131
apodhurst@podhurst.com
smarks@podhurst.com
Attorneys for Plaintiffs

Daniel P. Buttafuoco
*Pro Hac Vice Forthcoming*
**Daniel P. Buttafuoco & Associates, PLLC**
144 Woodbury Rd
Woodbury, New York 11797
DButtafuoco@ButtafuocoLaw.com
Attorneys for Plaintiffs

Richard M. Golomb, Esq.
Kenneth J. Grunfeld, Esq.
*Pro Hac Vice Forthcoming*
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com
Attorneys for Plaintiffs

Arnold Levin, Esq.
Frederick Longer, Esq.
Daniel Levin, Esq.
*Pro Hac Vice Forthcoming*
**LEVIN SEDRAN & BERMAN, L.L.P.**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
alevin@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com
Attorneys for Plaintiffs

W. Daniel "Dee" Miles, III
Rachel N. Boyd
Paul W. Evans
*Pro Hac Vice Forthcoming*
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, AL 36103
dee.miles@beasleyallen.com
rachel.boyd@beasleyallen.com
paul.evans@beasleyallen.com
Attorneys for Plaintiffs

                                                s/John V. Garaffa_____
                                                JOHN V. GARAFFA